

350 South Grand Avenue
27th Floor
Los Angeles, CA 90071

**Jacob M. Harper**
(213) 633.6863 tel
JHarper@dwt.com

June 13, 2025

Molly Dwyer, Clerk of Court
Office of the Clerk
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

**Re:    *Golikov v. Walmart Inc.*, Case No. 25-1685**

Dear Ms. Dwyer:

Pursuant to Rule 28(j), defendant-petitioner Walmart Inc. (Walmart) provides the following update on the district court proceedings in this case.

On June 10, 2025, the district court issued the attached order granting Walmart's motion to compel plaintiff Edie Golikov to arbitrate her claims and to stay the district court case pending the arbitration.  *Golikov v. Walmart Inc.,* 2:24-cv-8211-RGK-MAR, Dkt. No. 81 (C.D. Cal. June 10, 2025) (Order).

In ordering arbitration, the district court did not expressly reference the class certification order that is the subject of Walmart's Rule 23(f) petition pending before this Court, but it denied as "moot" the parties' joint stipulation to stay class notice.  *Id.*  Walmart intends to file a Motion for Clarification of the Order or, in the alternative, Decertification of the Class to confirm that the case may no longer proceed on a class basis.  Walmart respectfully requests that this Court withhold

Ms. Molly Dwyer, Clerk of Court
June 13, 2025
Page 2

ruling on its pending Rule 23(f) petition until the district court resolves these

anticipated motions. If and when the district court confirms that the class cannot

remain certified, Walmart intends to voluntarily dismiss its 23(f) petition

      A true and correct copy of the Order is attached hereto as Appendix 1.

Respectfully submitted,

*/s/Jacob M. Harper*
Jacob M. Harper
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
(213) 633-6863
jharper@dwt.com

CC: All other parties (by electronic notice via the Court's ECF system)

Certification: The body of this letter contains 107 words and thus complies with
Circuit Rule 28-6.

# APPENDIX 1

UNITED STATES DISTRICT COURT                        JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | June 10, 2025 |
|---|---|---|---|
| Title | *Edie Golikov v. Walmart Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      **(IN CHAMBERS) Order Re: Motion to Compel Arbitration and Stay Proceedings [DE 66]**

## I.      INTRODUCTION

On December 30, 2024, Edie Golikov ("Plaintiff") filed her First Amended Complaint ("FAC") against Walmart Inc. ("Defendant"), asserting claims for: (1) Violation of California's False Advertising Law; (2) Violation of California's Consumer Legal Remedies Act; (3) Violation of California's Unfair Competition Law; (4) Breach of Express Warranty; (5) Negligent Misrepresentation; (6) Intentional Misrepresentation; and (7) Quasi-Contract (ECF No. 31.)

Presently before the Court is Defendant's Motion to Compel Arbitration and Stay Proceedings. (ECF No. 66.) For the following reasons, the Court **GRANTS** the Motion.

## II.      FACTUAL BACKGROUND

Defendant sells Great Value Avocado Oil, which reads "Refined Avocado Oil" on the front label and lists avocado oil as the sole ingredient. But according to Plaintiff, the oil is adulterated with other, less desirable oils, making the label false and misleading.

In the FAC, Plaintiff alleged that she purchased the avocado oil "from a Walmart store" on November 14, 2021. (FAC ¶¶ 6, 26.) However, in an April 17, 2025 reply to Defendant's interrogatory, Plaintiff revealed that she had actually purchased that avocado oil from Defendant's website. (Harper Decl., Ex. B at 2, ECF. No. 66-3.)

When a user makes a purchase from Defendant's website, they are prompted with a "Place Order" button. (Sahay Decl. ¶¶ 4–11., ECF. No. 66-7.) Immediately adjacent to the button, text reads "By placing this order, you agree to our Privacy Policy and Terms of Use." (*Id.* ¶¶ 5, 9.) The underlined words are hyperlinked to Defendant's Privacy Policy and Terms. (*Id.* ¶¶ 6, 10.) Thus, by clicking the button, Plaintiff assented to Defendant's terms, including provision 20, which reads:

UNITED STATES DISTRICT COURT                     JS6
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-08211-RGK-MAR | Date | June 10, 2025 |
|---|---|---|---|
| Title | *Edie Golikov v. Walmart Inc.* | | |

EXCEPT FOR DISPUTES THAT QUALIFY FOR SMALL CLAIMS COURT, ALL
DISPUTES ARISING OUT OF OR RELATED TO THESE TERMS OF USE OR ANY
ASPECT OF THE RELATIONSHIP BETWEEN YOU AND WALMART, WHETHER
BASED IN CONTRACT, TORT, STATUTE, FRAUD, MISREPRESENTATION, OR
ANY OTHER LEGAL THEORY, WILL BE RESOLVED THROUGH FINAL AND
BINDING ARBITRATION BEFORE A NEUTRAL ARBITRATOR INSTEAD OF IN A
COURT BY A JUDGE OR JURY, AND YOU AGREE THAT WALMART AND YOU
ARE EACH WAIVING THE RIGHT TO SUE IN COURT AND TO HAVE A TRIAL
BY A JURY. YOU AGREE THAT ANY ARBITRATION WILL TAKE PLACE ON AN
INDIVIDUAL BASIS; CLASS ARBITRATIONS AND CLASS ACTIONS ARE NOT
PERMITTED AND YOU ARE AGREEING TO GIVE UP THE ABILITY TO
PARTICIPATE IN A CLASS ACTION. The arbitration will be administered by Judicial
Arbitration Mediation Services, Inc. ("JAMS") pursuant to the JAMS Streamlined
Arbitration Rules & Procedures effective July 1, 2014 (the "JAMS Rules") and as modified
by this agreement to arbitrate.

(Krsulic Decl., Ex. A § 20, ECF No. 66-9.)

Section 8(b) of the JAMS Streamlined Arbitration Rules & Procedures states:

Jurisdictional and arbitrability disputes, including disputes over the formation, existence,
validity, interpretation or scope of the agreement under which Arbitration is sought, and
who are proper Parties to the Arbitration, shall be submitted to and ruled on by the
Arbitrator.

(Harper Decl., Ex. D § 8(b), ECF No. 66-5.)

### III.  JUDICIAL STANDARD

Under the Federal Arbitration Act ("FAA"), courts are required "to compel arbitration 'in
accordance with the terms of the agreement' upon the motion of either party to the agreement (assuming
that the 'making of the arbitration agreement or the failure . . . to perform the same' is not at issue)."
*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting 9 U.S.C. § 4). The role of the
court is to determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the
agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d
1126, 1130 (9th Cir. 2000).

The FAA establishes federal policy that "any doubts concerning the scope of arbitrable issues
should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract
language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone*

UNITED STATES DISTRICT COURT                    JS6
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-08211-RGK-MAR | Date | June 10, 2025 |
|---|---|---|---|
| Title | *Edie Golikov v. Walmart Inc.* | | |

*Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). Once an arbitration agreement is found to be valid, enforceable, and applicable, the court shall stay the action pending the outcome of the arbitration or dismiss the action. 9 U.S.C. § 3; *Sparkling v. Hoddman Constr. Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988).

## IV.    DISCUSSION

Defendant asks that the current action be compelled to arbitration pursuant to the "sign-in wrap" arbitration agreement with Plaintiff. Plaintiff does not deny the existence of the arbitration agreement, nor does she deny her assent to the agreement when she made her online purchase. Rather, Plaintiff argues that the agreement does not apply to the in-store purchases she made which are not alleged in the FAC. In the alternative, Plaintiff argues that Defendant waived its right to compel arbitration. Plaintiff's arguments are unavailing.

### A.    Whether the Pleaded Purchase is Subject to the Arbitration Agreement

Plaintiff first argues that she purchased avocado oil in-person at physical stores, and the arbitration agreement does not apply to those purchases. Defendant disagrees, arguing that any dispute over the scope of the agreement must be delegated to the arbitrator. Defendant also argues that Plaintiff's claims arise out of her November 14, 2021 online purchase of avocado oil, rendering the purported in-store purchases irrelevant. The Court agrees with Defendant's second argument.

The facts *plead in the operative complaint* are those which the claims arise out of; this is a basic legal principle. In the FAC, Plaintiff consistently refers to her November 14, 2021 purchase of avocado oil. She does not mention or assert any claims based on any other purchases. And as Plaintiff now admits, this avocado oil was purchased online and is thus subject to the arbitration clause and class action waiver. Plaintiff cannot retroactively base her claims on a different purchase that was never mentioned in the FAC.

### B.    Whether Defendant Waived its Right to Compel Arbitration

Waiver "is the intentional relinquishment or abandonment of a known right." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417 (2022). Parties opposing arbitration bear the burden of establishing waiver, which requires proving both "(1) knowledge of an existing right to compel arbitration" and "(2) intentional acts inconsistent with that existing right." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014–15 (9th Cir. 2023). "A determination of whether 'the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements.'" *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016) (quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)). "Because waiver of the right to arbitration is disfavored, 'any party arguing waiver of arbitration bears a heavy burden of proof.'" *Id.*

UNITED STATES DISTRICT COURT                                    JS6
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-08211-RGK-MAR | Date | June 10, 2025 |
| --- | --- | --- | --- |
| Title | ***Edie Golikov v. Walmart Inc.*** | | |

Plaintiff argues that Defendant waived its right to compel arbitration because it (1) could have reasonably interpreted Plaintiff's allegation that she purchased the avocado oil "from a Walmart store" as having suggested an online purchase, (FAC ¶¶ 6, 26), (2) could have used Plaintiff's name and address from the FAC to search its account database and determine that Plaintiff's purchase was made online, and (3) acted inconsistently with this known right by filing a motion to dismiss, engaging in discovery, and drafting a joint stipulation to structure the litigation. Defendant disagrees, arguing that the phrase "a Walmart store" does not provide reasonable notice that the purchase was made online, that Plaintiff's database arguments would impose an unreasonable duty on Defendant to fact-check Plaintiff's allegations, and that Defendant did not act inconsistently, because it moved to compel shortly after it learned that it had a right to do so. The Court agrees with Defendant.

First, Defendant did not know it had a right to compel arbitration until Plaintiff responded to its interrogatory on April 17, 2025. Plaintiff alleged in the FAC that she purchased avocado oil "from a Walmart store." (*Id.*) She did not indicate that she had purchased the avocado oil online. To be sure, Plaintiff argues that her phrasing could and should have been reasonably interpreted to include online purchases; Defendant's website is simply an "[online] Walmart store." But this is unreasonable. The phrase "from a store" ordinarily suggests a physical store, not an online one. To the extent that Plaintiff's phrasing could be interpreted to include online purchases, the allegation was vague and insufficient to provide Defendant with reasonable notice that the purchase took place online.

Second, there is no duty for Defendant to investigate whether Plaintiff made the purchase online, much less to cross-reference the purchase date in the FAC with those on the account, at least at this early stage of litigation. Plaintiff cites no convincing authority on this position. And absent such an authority, it would appear reasonable for Defendant to presume that opposing counsel is not misrepresenting the facts.

Third, each of the actions Plaintiff labels as inconsistent with the right to compel arbitration occurred *before* Defendant had reasonable notice of its right to compel arbitration. As discussed above, Defendant did not know of its right until Plaintiff's reply to its interrogatory on April 17, 2025. Plaintiff does not assert any actions inconsistent with the right of arbitration after this date. Indeed, Plaintiff herself even acknowledged that Defendant became "focused on its attempts to stay this action or move it to arbitration" after finding out the purchase was online. (Lyon Decl. ¶ 3, ECF No. 71-2.)

Until April 17, 2025, Defendant had no knowledge of its right to compel arbitration. After that date, Defendant acted consistently with that right and commenced no unnecessary litigation. Therefore, Defendant did not waive its right to compel arbitration. Accordingly, the Court **GRANTS** Defendant's Motion to Compel Arbitration.

---

UNITED STATES DISTRICT COURT                    JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08211-RGK-MAR | Date | June 10, 2025 |
|---|---|---|---|
| Title | ***Edie Golikov v. Walmart Inc.*** | | |

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Compel Arbitration and **STAYS** the action pending the outcome of the arbitration.

Additionally, the Court **DENIES** the parties' Joint Stipulation to Stay Class Notice (ECF No. 78) as **MOOT**.

All pending dates and hearings are vacated and taken off-calendar.  The Court hereby ORDERS this matter removed from the Court's active caseload pending the outcome of arbitration proceedings and/or further order of this Court.  Counsel are ordered to jointly file a status report every 90 days from the date of this order and within 14 days from the conclusion of arbitration proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                           JRE/sf